UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| V. | * | Criminal No. GLR-23-134 |
| ADAM MICHAEL NETTINA | * | |

\* \* \* \* \* \* \*

## DEFENDANT'S MEMORANDUM IN SUPPORT OF
## REQUEST FOR CONDITIONS OF RELEASE

Now comes the defendant, Adam Michael Nettina, by and through Joseph Murtha, Esquire, and Rice Murtha & Psoras, LLC, and pursuant to 18 U.S.C. §3142(a) respectfully requests that this Honorable Court grant the request to impose conditions of release at the time of Mr. Nettina's appearance before the Court for a detention hearing in the above-captioned matter.

The defendant avers that there are conditions which can be imposed upon the defendant which will reasonably assure the appearance of the defendant and will assure that the defendant will not endanger the safety of any other person or the community, and that the government's position in opposition of conditions of release is based upon unsubstantiated speculation and conjecture..

## BACKGROUND

On April 3, 2023, a single count criminal complaint was filed in the United States District Court for the District of Maryland. The criminal complaint, and the subsequent single count indictment that was filed on April 12, 2023, form the basis of the instant case, alleging a single act of leaving a threatening voicemail for an advocacy group located in the District of Colombia.

1

On April 3, 2023, the defendant made his initial appearance on the criminal complaint filed in this matter. The government requested detention, and the defendant consented to temporary detention. The government has set forth in it's letter the nature of the offense, and has selected excerpts of communications from Mr. Nettina's communication with others. It is important to note that at no time did Mr. Nettina create a plan, write a manifesto, or engage in seeking out any individual to harm. The words that Mr. Nettina may have communicated are harmful and threatening, but there is absolutely no evidence that the government can produce to suggest that Mr. Nettina made any effort to act on the threat. Further, assuming the government has reviewed the browser history on Mr. Nettina's electronic equipment that has been seized, they will find that Mr. Nettina has no repeated browser history of seeking information pertaining to the agency that was the subject of his voicemail message, nor will they find that he attempted to locate the physical facility, or sought to map a trip from his residence to that agency. His words were offensive and harmful, but Mr. Nettina is not an individual who has acted on, or sought to act on, the threat. Treatment, location monitoring and other conditions of release are appropriate.

The defendant is scheduled to appear for an initial appearance, arraignment and detention hearing on April 19, 2023, at 4:00 p.m.

**THE DEFENDANT**

Adam Michael Nettina is 34 years of age. His date of birth is December 8, 1988. Although born in Philadelphia, Pennsylvania, Mr. Nettina was raised in Maryland. For most of his life his parents have lived in Howard County, Maryland, where they currently reside. Mr.

party custodians. Mr. Daniel Nettina is 66 years of age, and is semi-retired. He can, and will be, the primary custodian who will be present in the home. Mr. Nettina's mother, Sandi Nettina, a nurse practitioner, is the proprietor of Prime Care House Calls, which specializes in providing health services to an aging population. Ms. Nettina is also the editor of a national nursing publication. Mr. Nettina has one sister, who is married and resides in Baltimore County.

Mr. Nettina graduated from Mount Saint Joseph High School in 2007. He then attended the Catholic University of America for two semesters. Mr. Nettina then completed his undergraduate studies at Utah State University in 2011, receiving a Bachelor of Arts in History. Mr. Nettina continued his post graduate studies at Abilene Christian University, having completed three semesters in pursuit of a Master's Degree in English.

When not attending school, Mr. Nettina has been employed. After graduating from college he worked for three years at Naval Institute Press as an Assistant Editor. After his three semesters in graduate school Mr. Nettina worked at the Franciscan University of Steubenville as a Marketing and Communications writer. In 2019 Mr. Nettina left the university and obtained a job at HSP Direct in Ashburn, Virginia, where he worked as an executive director from January, 2020 until February, 2023. HSP Direct is an entity that focuses on fund-raising, and is immersed in social media rhetoric. The nature of the work took it's toll on Mr. Nettina, which is why he left that position.

Mr. Nettina does have a history of mental health concerns, some of which have been mitigated, and others that will benefit from treatment. As a younger man Mr. Nettina struggled with an eating disorder. He has also struggled with depression and anxiety, and within the last year used alcohol to relieve himself of the anxiety and depression, falling into a pattern of binge

3

year used alcohol to relieve himself of the anxiety and depression, falling into a pattern of binge drinking.

It is important to note that on the evening when Mr. Nettina left the voicemail that he had consumed alcohol and was under the influence of alcohol when he left the voicemail message.

The government points out that Mr. Nettina had access to firearms,. It is undersigned counsel's hope that the government will disclose to the Court that in its investigation that it has not been able to produce any evidence of Mr. Nettina using a firearm for anything but sport, engaging in the sport at shooting ranges located in Ohio and Northern Virginia. At the time of the hearing in this matter Mr. Nettina has no firearms.

Attached to this memorandum the Court will find letters from two treatment facilities that have agreed to admit Mr. Nettina for inpatient treatment for both mental health and alcohol abuse treatment. Further, Mr. Nettina's parents will be available to testify as to their interaction with their son at times when he communicated impulsive and inappropriate messages to them.[1]

Although undersigned counsel has not been privy to the conversations that the government had with witnesses who may have appeared before the grand jury, it is the understanding of undersigned counsel that the government has been in contact with a close friend of Mr. Nettina, who is gay. Mr. Nettina has maintained the relationship with this man over the

---

[1] Although undersigned counsel does not have access to the contents of Mr. Nettina's phone, it appears from communication with Mr. Nettina's parents that the government has noted excerpts of communications that may not fully identify the dialogue between Mr. Nettina and his parents. Further, both the government and undrsigned counsel have communicated with Mr. Nettina's girlfriend, and despite the vile nature of the messages, the girlfriend has advised undersigned counsel, and possibly the govnerment, that Mr. Nettina has neve acted in a violent manner.

4

years. A relationship that would not appear to be consistent with the government's belief that Mr. Nettina has an embedded disdain for individuals who may come from the LGBTQ community.

Despite the government's suggestion that it continues it's investigation, it is unlikely that the government will obtain additional evidence that will be the basis for a superseding indictment. Mr. Nettina's words are offensive and inappropriate. His acts have been humane and caring. He is not a threat to anyone, particularly if permitted to enter an inpatient treatment facility, and then to reside with his parents with location monitoring restrictions.

## ARGUMENT

The Bail Reform Act of 1984 ("Act") mandates that pretrial detention is permissible only where:

> after a hearing pursuant to the provision of 18 U.S.C. § 3142(f) the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.

18 U.S.C. § 3142(e).

Undersigned counsel argues that the government's position is substantially flawed in that it concludes that no conditions will reasonably assure the defendant's appearance or the safety of the community, as required by substantive due process. The government has not adequately considered the totality of Mr. Nettina's life history, his need for mental health and alcohol abuse treatment, the absence of any criminal history and the observations of Mr. Nettina's friends (see the accompanying letters from Emanuel Ambrose and Allison Jung), including individuals interviewed by the government. There is no history of attempts of acts of violence, despite the impulsive and misguided statements made by Mr. Nettina.

The Court is required to consider and dispose of every alternative before ordering pretrial incarceration under the Bail Reform Act. The alternatives provided by statute are well known to this Court, and are contained in 18 U.S.C. § 3142. Congress has determined that an individual may only be detained pending trial where the judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(e). Detention of any person absent these findings constitutes a violation of substantive due process. United States v. Salerno, 481 U.S. 739, 746-47 (1987).

The defendant has not been charged with any offense which would raise a presumption that he is unsuitable for release on bail. *See* 18 U.S.C. § 3142(e). The government speculates and projects that Mr. Nettina's words will result in a violent act. Such speculation and projection is unsubstantiated. Consequently, the Eight Amendment requires that bail be set.

The government's suggestion that the grand jury's assent to a special finding under USSG 3A1.1 is not something that brings any support to their argument. That guideline provision is only applied if the sentencing court finds the presence of the noted factors beyond a reasonable doubt. The pursuit of the application of that guideline provision should bear no weight by the Court when considering the request for release.

Wherefore, in light of the foregoing information and argument, and any additional information and argument to be presented at the time of the hearing in this case, the defendant respectfully argues that this Court may establish and order a condition, or combination of conditions, that will reasonably assure that the defendant will be present at the trial of this case, and poses no danger to the community or any individual, or group of individuals. .

and poses no danger to the community or any individual, or group of individuals. .

Respectfully submitted,

/s/
Joseph Murtha
Federal Bar No. 23725
Rice Murtha & Psoras, LLC
1301 York Road, Suite 200
Lutherville, Md. 21093
(410) 583-6969
jmurtha@ricelawmd.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of April, 2023, a copy of the foregoing Defendant's Memorandum in Support of Request for Conditions of Release was sent by electronic mail to Paul Budlow, (paul.budlow_@usdoj.gov) Assistant United States Attorney, Office of the United States Attorney for the District of Maryland, 36 S. Charles Street, Suite 400, Baltimore, Maryland 21201.

/s/
Joseph Murtha

JM10433